IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID J. BROWN, ) | CASE NO. 1:11CV2765 |
| ) | |
|     Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
|     v. ) | MAGISTRATE JUDGE |
| ) | KATHLEEN B. BURKE |
| WARDEN, ) | |
| Lake Erie Correctional Institute, ) | |
| ) | **REPORT AND RECOMMENDATION** |
|     Respondent. ) | |

This case is before the Court on the motion filed by Petitioner David J. Brown captioned "Motion to Dismiss for Want of Jurisdiction According to 28 U.S.C. sec 1602." Doc. 15. Respondent has opposed this motion. Doc. 16. For the following reasons, Brown's motion to dismiss is without merit and should be DENIED.[1]

## I. Background

In November 2008, Brown was convicted of one count of attempted murder, two counts of felonious assault, and one count of having a weapon while under disability. He was sentenced to an aggregate total of 8 years in prison in February 2009. Brown then sought state appellate and post-conviction relief.[2]

On December 21, 2011, Brown, pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent filed his Answer/Return of Writ on April 16, 2012. Doc. 9. Brown filed his Traverse on July 6, 2012. Doc. 12. On July 23, 2012, Respondent filed a Reply to Brown's Traverse. Doc. 14.

---

[1] This Report and Recommendation is limited to the motion to dismiss filed by Brown (Doc. 15) and does not provide any recommendations with regard to the merit of any of the grounds for relief set forth by Brown in his Petition for Writ of Habeas Corpus or any of the arguments set forth by Respondent in his Answer/Return of Writ.

[2] A full discussion of Brown's state conviction and his appeals from that conviction will be set forth in the Report and Recommendation on Brown's Petition for Writ of Habeas Corpus.

On July 23, 2012, Brown filed a motion captioned "Motion to Dismiss for Want of Jurisdiction According to 28 U.S.C. sec 1602." Doc. 15. This motion is confusing at best, but it appears that Brown is arguing that the Court lacks jurisdiction over his habeas petition and that his petition should be dismissed because he is a foreign state or business as defined under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1602 *et seq*. In particular, it appears that Brown is arguing that, because he filed paperwork with the Ohio Secretary of State to register the trade name David John Brown and the State issued a Certificate acknowledging the trade name on February 4, 2011, he is now a foreign sovereign and entitled to immunity under the FSIA.[3]

## II. Discussion

The FSIA is the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 434, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989); *see also Permanent Mission of India to the United Nations v. City of New York,* 551 U.S. 193, 197, 127 S.Ct. 2352, 168 L.Ed.2d 85 (2007). "Under the FSIA, a foreign state is presumptively immune from suit unless a specific exception applies." *Id*. (citing 28 U.S.C. § 1604). In general, under international law, a "state" is defined as "an entity that has a defined territory and a permanent population, under the control of its own government, and that engages in, or has the capacity to engage in, formal relations with other such entities." *National Petrochemical Co. v. M/T Stolt Sheaf*, 860 F.2d 551, 553 (2d Cir. 1988) (quoting Restatement (3d) of the Foreign Relations Law of the United States § 201 (1987)). Under the FSIA, a foreign state "includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 USC § 1603(a). An "agency or instrumentality of a foreign state" means any

---

[3] It should be noted that Brown registered his trade name on February 4, 2011, almost 2 years after he was sentenced by the state trial court. It is unclear if, by virtue of this filing, Brown is also arguing that the state court lacked jurisdiction to charge and prosecute him in 2008, well before he registered the trade name.

entity that (i) is a separate legal person, corporate or otherwise, (ii) is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof and (iii) is neither a citizen of a State of the United States nor created under the laws of any third country.  *Id.*

In this case, Brown's challenges to this Court's jurisdiction are frivolous.  It is clear that he does not meet any of the requirements of the definition of a foreign state.  In addition, Brown does not satisfy any of the requirements of the definition of an agency or instrumentality of a foreign state.  Brown's arguments to the contrary, although creative, are without merit.  *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 47-48 (2d Cir. 1991).   This Court has jurisdiction over this case pursuant to 28 U.S.C. § 2254 and accordingly, Brown's motion to dismiss should be denied.

### III.  Conclusion and Recommendation

For the foregoing reasons, Brown's motion captioned "Motion to Dismiss for Want of Jurisdiction According to 28 U.S.C. sec 1602" should be DENIED.  Doc. 15.

Dated: October 26, 2012

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986)*.*